# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

JOSEPH HATLEY,          )
         )
      Plaintiff,         )
         )
v.          )       No.  2:14-CV-326-JRG-MCLC
         )
JOHNATHAN BROOKS SIMERLY,          )
         )
      Defendant.         )

## MEMORANDUM AND ORDER

This is a pro se prisoner's complaint for violation of civil rights pursuant to 42 U.S.C. § 1983.  Before the Court is a motion to appoint counsel and for an extension of time to respond to discovery filed by Plaintiff in which he states that he received discovery requests on June 1, 2016, but does not know how to complete the forms or have the requested information, is trying to get money to pay for his disability records, and is still being treated for mental health issues and the doctors need time to complete their diagnosis [Doc. 22].  Accordingly, Plaintiff requests an extension of ninety days to respond to the discovery and for the Court to appoint an attorney for him [*Id.*].

In light of the lack of objection to the request for extension, Plaintiff's motion [Doc. 22] is **GRANTED in part** only to the extent that the request for an extension of ninety days to respond to discovery requests is granted *nunc pro tunc* as of the day it was filed.

Plaintiff's motion for counsel, however, will be denied.  There is no "automatic" constitutional right to counsel in a civil rights suit and, typically, counsel is only appointed in an exceptional case. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (observing that courts in the Sixth Circuit do not appoint counsel for indigent and pro se prisoners in civil cases absent

truly extraordinary circumstances).  The Court has carefully considered Plaintiff's motion, his ability to represent himself, the record as a whole, and the issues and complexity of this case, and concludes that the appointment of counsel is not warranted here because there are no exceptional circumstances to justify appointing counsel.  *Lavado v. Keoha*ne, 992 F.2d 601 (6th Cir. 1993); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Accordingly, the Court finds that appointment of counsel is not warranted at this time and Plaintiff's motion [Doc. 22] is **DENIED in part** to the extent it seeks appointment of counsel.

      **IT IS SO ORDERED**.

      **E N T E R :**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE