# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

JOSEPH HATLEY, )
)
    Plaintiff, )
) No. 2:14-CV-326-JRG-DHI
v. )
)
JONHATHAN BROOKS SIMERLY, )
)
    Defendant. )

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Before the Court is a motion to dismiss for failure to prosecute filed by Defendant [Doc. 29], a motion for summary judgment filed by Defendant [Doc. 31], a motion to strike filed by Defendant [Doc. 37], and a motion to appoint counsel filed by Plaintiff [Doc. 41]. As Plaintiff has not filed a response to Defendant's motion for summary judgment and the time for doing so has passed [Doc. 38], Plaintiff has waived any opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. TN. LR 7.2. For the following reasons, the motion for summary judgment [Doc. 31] will be **GRANTED** and this action will be **DISMISSED**. Accordingly, the remaining pending motions [Docs. 29, 37, and 41] will be **DENIED as moot**.

    **I.    BACKGROUND**

The Court has previously summarized Plaintiff's complaint as follows:

> In his complaint, plaintiff alleges that a lot of his rights are being violated and were violated, and that he has no felony convictions but only misdemeanor convictions [Doc. 1 p. 3]. Plaintiff also states that he was tazed and maced and left in belly chains to die for eight hours or more and that he has mental disabilities [*Id.*].

> In a letter filed with his complaint, plaintiff states that he had been undergoing therapy for a stabbing to his left wrist and that, at the beginning of his incarceration, he was placed in a holding cell [Doc. 1-1 p. 1]. Plaintiff further alleges that the holding cell had no toilet and that when he needed to use the restroom, he tried to get the guards' attention but could not for hours [*Id.*]. Plaintiff states that he finally kicked the door, at which point two guards came in with chains [*Id.*].
>
> Plaintiff alleges that he told the officers his needs and that his wrist was injured, at which point defendant Simerly maced him and placed him in belly chains even though he was not resisting, and that this further injured his wrist [*Id.*]. Plaintiff states that he filed many grievances and got no help [*Id.*]. Plaintiff then states that his head was smacked "off the wall" and he was left in the cell for ten or more hours in belly chains and that now his hand is numb all the time [*Id.* at 2]. Plaintiff alleges that he was knocked out when his head was smacked, that he has heard that the officer who hurt him has done this to other inmates, that he has post-traumatic stress disorder, and that after this incident he was placed in isolation for twenty-five days with no mat [*Id.*]. Plaintiff states that many police in the jail and on the street do not like his mom or dad, so he thinks that is why they have done this to him [*Id.*].

[Doc. 6 p. 2–5].

## II.    SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotation marks omitted). The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment is an integral tool for securing the "just, speedy[,] and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of truth at trial." *Id.* at 322.

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, but rather the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id.* (alteration omitted).

**III.   ANALYSIS**

In his motion for summary judgment and the memorandum, statement of material facts, and declaration filed in support thereof [Docs. 31, 31-1, 32, and 33], Defendant Simerly has set forth undisputed evidence regarding the incident at issue in Plaintiff's complaint [Doc. 33 at 1–

4[1]] that demonstrates that all of the force Defendant Simerly used during the incident at issue in Plaintiff's complaint was reasonable. Specifically, Defendant Simerly sets forth the following undisputed facts:

1. When Plaintiff was brought in for booking, he was intoxicated and belligerent and refused to cooperate or follow orders [Doc. 33 at 2];

2. Because of Plaintiff's failure to cooperate, Defendant Simerly attempted to place Plaintiff in a holding cell to allow him to sober up and complete the booking process [*Id.*];

3. Plaintiff, however, refused to enter the holding cell, screamed at Defendant Simerly, backed away from the holding cell, and took an aggressive stance, and Defendant Simerly was therefore required to push Plaintiff into the cell and lock the door behind him [*Id.*];

4. Plaintiff then began kicking the cell door and ignored instructions to stop, so Defendant Simerly and others attempted to enter the holding cell to put restraints on Plaintiff [*Id.*];

5. When they opened the door, however, Plaintiff ran past them and, when he was caught, Plaintiff resisted and made a punching motion towards an officer [*Id.*];

6. Defendant Simerly instructed Plaintiff to stop resisting and advised him that he would be tased if he did not [*Id.*];

7. Plaintiff responded "I do not give a f*** tase me" and pulled out of the grasp of another officer [*Id.*];

8. Defendant Simerly then deployed his taser, which struck Plaintiff in the chest [*Id.*], and, when Plaintiff continued to resist, Defendant Simerly administered a drive stun [*Id.* at 3];

---

[1] The factual evidence set forth in the memorandum of law in support of Defendant Simerly's motion for summary judgment is also set forth in Defendant Simerly's declaration [Doc. 31-1] and statement of material facts [Doc. 32]. For purposes of judicial efficiency, however, the Court will only cite to the memorandum.

9. After this, Plaintiff complied with instructions and allowed the officers to place shackles and handcuffs on him [*Id.*];

10. Plaintiff was then placed back in a holding cell and an officer called medical staff to check on Plaintiff in accordance with jail policy regarding use of a taser [*Id.*];

11. Plaintiff attempted to bite a nurse's finger during her evaluation of him [*Id.*];

12. Because of his continued aggression, officers left Plaintiff in shackles and handcuffs and Defendant Simerly placed him on a fifteen minute watch for his safety [*Id.*];

13. Plaintiff, however, managed to get his handcuffs from the back of his body to the front and began hitting the window of the cell with his handcuffs and hands [*Id.*];

14. Accordingly, Defendant Simerly and other officers attempted to put additional restraints on Plaintiff to prevent him from injuring both property and himself, at which point Plaintiff resisted and attempted to bite Defendant Simerly repeatedly, resulting in Defendant Simerly deploying a one second burst of chemical spray to Plaintiff's face [*Id.*];

15. Defendant Simerly told Plaintiff that they would decontaminate him when he allowed them to put belly chains on, at which point Plaintiff allowed officers to complete this task [*Id.*];

16. Accordingly, Defendant Simerly wiped off Plaintiff's face and gave him a wet towel and medical staff was again called to check Plaintiff [*Id.* at 4];

17. While Plaintiff continued to make threats, he did not take any further actions requiring the use of force [*Id.*];

18. Because of Plaintiff's prior aggression and threats, however, Plaintiff was left in restraints, though Defendant Simerly loosened Plaintiff's handcuffs when he was advised that the handcuffs had tightened up due to Plaintiff rolling over [*Id.*];

19. After several more hours, Plaintiff had calmed down sufficiently and Defendant Simerly therefore removed Plaintiff's restraints [*Id.*]; and

20. Plaintiff did not appear to have any visible injuries and medical staff did not report any need for additional treatment when they Plaintiff [*Id.*].

Based on this undisputed evidence, Defendant Simerly seeks summary judgment based on qualified immunity, specifically arguing that the facts do not demonstrate that his actions violated Plaintiff's constitutional right(s) and/or that any such right was not well-established at the time [*Id.* at 5–6].

As Plaintiff was a pretrial detainee at the time of the relevant incident, the Court must determine whether the plaintiff demonstrates "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). This determination must be based on the specific facts of the case, viewed from the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* The Court must also take into account "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained'" and appropriately defer to "'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979)).

The Supreme Court also sets forth the following non-exclusive list of considerations that "may bear on the reasonableness or unreasonableness of the force used" as to pretrial detainees:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* The Supreme Court further reiterates that "the use of excessive force that amounts to punishment" against pretrial detainees is unconstitutional. *Id.* (quoting *Graham*, 490 U.S. at 395 n.10).

Based on the undisputed evidence set forth by Defendant Simerly and applying the *Kingsley* standard set forth above to the facts of this case, the Court finds that the force used by Defendant Simerly was reasonable and that no genuine issue of material fact remains. Specifically, the undisputed evidence set forth by Defendant Simerly establishes that all use of force by Defendant Simerly during the incident at issue in Plaintiff's complaint resulted from Plaintiff's aggression toward Defendant Simerly or other officers and/or Plaintiff's active resistance to reasonable security measures, that Defendant Simerly tempered the amount of force used as necessary to respond to the resistance and/or threats presented by Plaintiff, and that Plaintiff did not have significant injuries. Accordingly, Defendant Simerly is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendant Simerly's motion for summary judgment [Doc. 31] will be **GRANTED** and this action will be **DISMISSED**. Accordingly, the remaining pending motions [Docs. 29, 37, and 41] will be **DENIED as moot**. The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE